**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROL GOLEM, | ) | |
| | ) | CASE NO.:   1:11CV02591 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| PALISADES ACQUISITION XVI, LLC, *et al.* | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff Carol Golem brings this suit against Defendants Palisades Acquisition XVI, LLC, Levy & Associates, LLC, Yale R. Levy, and Mathias D. Manner.  Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345 *et seq*.  Defendants filed a motion for judgment on the pleadings (ECF # 15).  For the reasons stated herein, Defendants' motion is GRANTED.

**I.  FACTUAL BACKGROUND**

The following facts are alleged in the Complaint.  For the purpose of Defendants' motion for judgment on the pleadings, they are accepted as true.

Defendant Palisades, a debt collection agency, obtained a judgment against Plaintiff in Berea Municipal Court.  On August 31, 2011, Palisades attempted to collect on that judgment by sending Plaintiff a document entitled "Notice of Deposition in Aid of Execution."  The notice

stated that, "for the purpose of locating the nature and extent of [Plaintiff's] assets and income," Defendant Palisades "will" take Plaintiff's deposition at 10:00 AM on September 19, 2011 at the offices of Levy & Associates in Columbus, Ohio. Defendants also attached a cover letter to the notice. The letter explained that "[i]f the location, date and/or time of the deposition is inconvenient for [Plaintiff]," Plaintiff should contact Levy & Associates "to arrange a mutually convenient location, date and/or time." The caption on the notice included the name "Berea Municipal Court." Both the notice and cover letter were signed by an attorney from Levy & Associates.

Plaintiff is 67 years old and does not own a car. She has never resided in nor was the contract at issue signed in Columbus, Ohio, or anywhere in Franklin County. Plaintiff claims to be incapable of making the three-hour, 165-mile drive from her residence in Lake County to the Levy & Associates office in Columbus. As a result of Defendants' notice of deposition, Plaintiff claims to have suffered fear, anxiety, worry, and extreme emotional distress.

Without attempting to contact Defendants or change the noticed deposition, Plaintiff filed this present action against Defendants. The Complaint alleges that Defendants' cover letter and notice of deposition violated numerous provisions of the FDCPA. It further contends that the same correspondence also violated the OCSPA. On April 3, 2012, Defendants filed this motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as to all of Plaintiff's claims.

## II.  LEGAL STANDARD

The decision whether to grant judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard applied to motions to dismiss under Rule 12(b)(6). *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006). The court construes the complaint in a

2

light most favorable to the plaintiff and accepts all factual allegations as true. *See Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). The court may also consider exhibits attached to the complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

To survive a 12(c) motion, a plaintiff must have pled enough facts to state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950. Plaintiffs must "plead . . . factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Amini*, 259 F.3d at 502 (quoting *Iqbal*, 129 S.Ct. at 1949). The court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 689. Merely pleading facts that permit the court to infer misconduct is insufficient. *See Iqbal*, 129 S.Ct. at 1950.

### III. ANALYSIS

**A.   FDCPA Violations**

Plaintiff alleges that Defendants' request that Plaintiff appear at a deposition in a distant forum violated multiple provisions of the FDCPA.[1]

First, Plaintiff contends that, in sending a notice of deposition which requested that Plaintiff attend a deposition in a distant forum, Defendants violated 15 U.S.C. § 1692d. Subsection 1692d provides, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The Sixth Circuit has adopted the objective "least sophisticated consumer"

---

[1] Because we find that, as a matter of law, Plaintiff in this case has failed to allege sufficient facts to make out any of her FDCPA claims, we need not address Defendants' argument that the FDCPA should not apply to post-judgment notices of deposition.

3

standard when assessing FDCPA violations.  *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006).  For § 1692d claims, some courts have adopted a more subjective standard, evaluating claims "from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."  *Jablonski v. Capital Mgmt. Servs. LP*, No. 3:11CV903, 2011 WL 7142994, at *2 (N.D. Ohio Nov. 22, 2011) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)).

Under either standard, Plaintiff fails to make a plausible § 1692d claim.  Subsection 1692d "prohibits a debtor's tender sensibilities only from oppressive and outrageous conduct.  Some inconvenience or embarrassment to the debtor is a natural consequence of debt collection."  *Bieber v. Assoc. Collection Servs., Inc.*, 631 F. Supp. 1410, 1417 (D. Kansas 1986); *see also*, *Smith v. Transworld Sys., Inc.*, No. C-3-96-166, 1997 WL 1774879 (S.D. Ohio July 31, 1997) (adopting the *Bieber* interpretation of § 1692d).

In this case, Plaintiff's complaint makes clear that Defendants obtained a valid judgment against Plaintiff in Berea Municipal Court.  Defendants then comported with Ohio Civil Rule 69 when they attempted to collect on this judgment by sending Plaintiff the notice of deposition at issue.  *See* Ohio R. Civ. 69 (creditor permitted to execute judgment by using any discovery tool permitted by Ohio Civil rules);  *Midwest Sportservice, Inc. v. Andreoli*, 444 N.E.2d 1050, 1052 (Ohio Ct. App. 1981) (explaining that one party may serve the other party a notice of a deposition to take place in a distant forum).  While not all behavior that complies with a state's civil rules necessarily comports with the requirements of the FDCPA, for the following reasons, the behavior of Defendants in this particular case does not constitute "oppressive or outrageous" conduct in violation of § 1692d.

4

Here, Defendants' deposition request falls within the natural inconvenience of debt collection.  Although the notice of deposition did contain a caption from the Berea Municipal Court, both documents were signed by an attorney from Levy & Associates—not a court official.  This caption served merely to identify the municipal court in which the judgment at issue had been obtained.  Even the least sophisticated consumer and especially someone in Plaintiff's position (with a recent judgment entered against her) should understand that the request was from the law firm and not a court order, and that it was a natural measure taken in the course of debt collection.

Moreover, Defendants' cover letter made clear that if the location, date and/or time of the deposition were inconvenient, Plaintiff should contact the office of Levy & Associates to reschedule.  As the Ohio Civil Rules permit telephone depositions, accommodations could have been made. *See* Ohio R. Civ. 30(B)(6).  If Plaintiff had responded reasonably and requested an accommodation and then been denied such an accommodation by Defendants, Plaintiff may have had an FDCPA claim.  But Plaintiff did not request such an accommodation, or even try to contact Levy & Associates.  Instead, Plaintiff hastily filed a lawsuit in federal court (and for that, perhaps her lawyers are to blame).  Plaintiff's decision to prematurely file this suit ensured that Defendants' behavior could not ripen into the "outrageous and oppressive" behavior required to constitute a § 1692d violation.  Thus, Plaintiff's § 1692d claim fails as a matter of law.

Second, Plaintiff alleges that, in using a notice of deposition with a caption reading "Berea Municipal Court," Defendants violated 15 U.S.C. § 1692e(9). Under § 1692e(9), a debt collector may not "use or distribut[e] . . . any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or

5

agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." "The general consensus in the case law is that violations of Section § 1692e(9) arise in situations where a debt collector overtly impersonates a governmental agency, or where a debt collector attempts to hide its identity by using a false alias." *Buckalew v. Suttel & Hammer, P.S.*, No. CV-10-3002-LRS, 2010 WL 3944477, at *2 (E.D. Wash. Oct. 7, 2010). For instance, in *Gradisher v. Check Enforcement Unit, Inc.*, a debt collection agency used letterheads and envelopes from a sheriff's office yet declined to list the agency's own name on the notices. 210 F. Supp. 2d 907, 914 (W.D. Mich. Apr. 5, 2002). The court held that, because the notices created the false impression that the sheriff's office, not the company, had sent the correspondence, the agency had violated § 1692d(9). *Id.*

The cover letter and notice of deposition here, on the other hand, clearly indicate that they were sent by Levy & Associates, rather than the Berea Municipal Court. Other than "Berea Municipal Court" at the top of the notice, there is nothing in the notice or cover letter to indicate that the documents were authorized by or sent from the court. Even the least sophisticated consumer would recognize that the court name at the top of the notice served to identify the judgment upon which Defendants were attempting to collect, rather than to indicate that the document was sent from the court. Moreover, unlike in *Gradisher*, both documents were signed by an attorney from Levy & Associates. The cover letter also states that if Plaintiff wanted to reschedule or relocate the deposition, she should contact Levy & Associates. Because the least sophisticated consumer would perceive that these documents were sent by Levy & Associates, rather than the court, Plaintiff has failed to allege sufficient facts to succeed on a § 1692e(9) claim.

Third, Plaintiff contends that Defendants' request that she appear at a deposition in a distant county was an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.  Subsection 1692f is viewed as a "backdrop" in the FDCPA, designed to cover actionable conduct not specifically covered by other subsections.  *See Lee v. Javitch, Block & Rathbone, LLP*, 484 F. Supp. 2d 816, 820 (S.D. Ohio 2007).

Defendants' conduct here is not actionable.  As discussed above, in requesting that Plaintiff attend a deposition in Columbus, Defendants were merely acting in accordance with the Ohio Civil Rules to execute a valid judgment that they had previously obtained against Plaintiff.  Moreover, Defendants' cover letter gave Plaintiff the option to reschedule or relocate the deposition if she considered it to be inconvenient.  Considering Defendants' offer of accommodation along with their compliance with the Ohio Civil Rules in collecting on a valid judgment, Defendants' behavior cannot properly be classified as "unfair or unconscionable."  Thus, plaintiff's § 1692f claim fails as a matter of law.

Fourth, Plaintiff argues that Defendants' deposition request violated 15 U.S.C. § 1692i.  Subsection 1692i(a) states:

> Any debt collector who brings any legal action on a debt against any consumer shall— [when the action is not] to enforce an interest in real property securing the consumer's obligation[,] . . . bring such action only in the judicial district or similar legal entity— (A) in which such consumer signed the contract signed upon; or (B) in which such consumer resides at the commencement of the action.

Plaintiff cites *Fox v. Citicorp Credit Services, Inc.* in support of her argument that post-judgment enforcement may constitute "legal action" as required by the statute.  15 F.3d 1507, 1515 (9th Cir. 1994).  *Fox*, however, dealt with an application for a writ of garnishment—a separate legal action from the original judgment filed with the court.  *Id.*;  *see also, Adkins v. Weltman,*

7

*Weinberg & Reis Co., L.P.A.*, No. 2:11-cv-00619, 2012 WL 604249, at *4 (S.D. Ohio Feb. 24, 2012) (holding that an application for a writ of garnishment falls under § 1692i).

A notice of deposition, on the other hand, is not properly considered "legal action" for the purpose of § 1692i. It is a mere discovery request, as opposed to an action filed in court. Such an interpretation of the term "legal action" is also consistent with the FTC's Staff Commentary on § 1692i, which instructs, "If a judgment is obtained in a forum that satisfies the requirements of this section, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097-02. As a deposition does not implicate the same defense concerns as a writ of garnishment, Plaintiff's situation can be distinguished from *Fox*. Defendants' notice of deposition is not the sort of "legal action" covered by § 1692i. Thus, Plaintiff fails to state a claim under § 1692i.

**B.     OCSPA Violation**

Plaintiff also alleges that Defendants' request that she appear at a deposition in a distant forum violated the OCSPA. Specifically, Ohio Rev. Code Ann. §§ 1345.02-03 prohibit "unfair," "deceptive," and "unconscionable" practices by a "supplier" in a "consumer transaction." Defendant argues that the OCSPA should not apply to a post-judgment notice of deposition. Assuming without deciding that the OCSCA does apply to such a request, Plaintiff's claim fails. As discussed in connection with Plaintiff's FDCPA § 1692e(9) claim, Defendants' cover letter and notice of deposition were not deceptive, as they clearly indicated that they were sent from Levy & Associates. And as discussed in connection with Plaintiff's FDCPA § 1692f claim,

8

Defendants' correspondence offered accommodation with regard to the location, date, and time of the deposition.  Thus, the correspondence was not "unfair" or "unconscionable."  As a result, Plaintiff's OCSPA claim fails along with her FDCPA claims.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's complaint fails to state a plausible claim for relief under either the FDCPA or the OCSPA.  *See Iqbal*, 129 S.Ct. at 1950.  Thus, Defendants' motion for judgment on the pleadings (ECF # 15) is GRANTED.  IT IS SO ORDERED.

       /s/ Donald C. Nugent  
       Judge Donald C. Nugent  
       United States District Judge

Date:   July 23, 2012